People v Ellison (2026 NY Slip Op 00696)

People v Ellison

2026 NY Slip Op 00696

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND HANNAH, JJ.

120 KA 24-01359

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vWAYNE J. ELLISON, JR., DEFENDANT-APPELLANT. 

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE, NEW YORK PROSECUTORS TRAINING INSTITUTE, ALBANY (BRIDGET RAHILLY STELLER OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered June 13, 2024. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that County Court should have dismissed the indictment pursuant to CPL 30.30 as a sanction for the People's failure to comply with their discovery obligations under CPL article 245. Although the court adjourned the trial and imposed other sanctions on the People pursuant to CPL 245.80 for their belated disclosure of certain evidence, defendant contends that dismissal of the indictment was the only appropriate sanction given the nature and scope of the People's discovery violations. By pleading guilty, however, defendant forfeited his discovery-related contention (see People v Weems, 240 AD3d 1411, 1411 [4th Dept 2025]; People v Adams, 232 AD3d 1302, 1303 [4th Dept 2024], lv denied 42 NY3d 1078 [2025]; People v Robinson, 225 AD3d 1266, 1268 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]). In any event, defendant's contention lacks merit because the speedy trial requirements of CPL 30.30 do not apply to homicide charges (see CPL 30.30 [3] [a]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court